UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MD2U MANAGEMENT, LLC, et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors | ) | CASE NO. 17-32761 |
| | ) | (JOINT ADMINISTRATION PENDING)[1] |
| | ) | |

**EMERGENCY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO MAINTAIN ITS PRE-PETITION BANK ACCOUNTS**

✶ ✶ ✶   ✶ ✶ ✶   ✶ ✶ ✶

Come the Debtors, MD2U Management, LLC ("MD2U Management"), MD2U Kentucky, LLC ("MD2U Kentucky"), MD2U Indiana, LLC ("MD2U Indiana") and MD2U North Carolina, LLC ("MD2U North Carolina" and together with MD2U, MD2U Kentucky, and MD2U Indiana referred to herein as "MD2U" or "Debtor"), by proposed counsel, and hereby move the Court for entry of an order authorizing Debtor to maintain its pre-petition bank accounts. In support of this Motion, Debtor states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for these proceedings and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief sought in this Motion is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

---

[1] Debtors have moved for Joint Administration of the cases known as: MD2U Management, LLC, Case No. 17-

1

3. On August 29, 2017 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108[2] of the Bankruptcy Code, Debtor continues to operate its business and manage its property as a debtor in possession.

4. MD2U provides primary care for home-bound or home-limited patients across Kentucky, Indiana, and North Carolina. It provides services including adult primary care, comprehensive in-home services, medication management, post discharge visits, and mental and behavioral healthcare.

5. MD2U's primary payors are Medicare and Medicaid although it receives some payments from third party providers.

6. No trustee, examiner or creditors committee has yet been appointed in this case.

7. As of the Petition Date, Debtor maintained all of its accounts at WesBanco Bank, Inc. In total, Debtor maintains the following operating accounts:

    a. MD2U Management, LLC Account ending in 8070

    b. MD2U PLLC Account ending in 6090 (collectively with 8070 the "Non-Maintained Accounts")

    c. MD2U Kentucky, LLC Account ending in 8096

    d. MD2U Indiana, LLC Account ending in 8104

    e. MD2U North Carolina, LLC Account ending in 7817

    f. MD2U Ohio, LLC Account ending in 8112

    g. MD2U Florida, LLC Account ending in 8005 (collectively with 8096, 8104,

---

32761, MD2U Kentucky, LLC, Case No. 17-32762, MD2U Indiana, LLC, Case No. 17-32763, MD2U North Carolina, LLC, Case No. 17-32764 to be administered under MD2U Management, LLC, Case No. 17-32761.

[2] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

7817, and 8112, the "<u>Maintained Pre-Petition Accounts</u>")

**Relief Requested**

8. By this Motion, Debtor seeks the entry of an order authorizing Debtor to maintain the Maintained Pre-Petition Accounts as the accounts which receive payments from Medicare.

9. The Office of the United States Trustee has established certain operating guidelines for debtors in possession. One such provision requires Chapter 11 debtors in possession to open new bank accounts and close all existing accounts. This requirement is designed to provide a clear line of demarcation between payment of pre-petition claims by preventing the debtors in possession's banks from honoring checks drawn prior to the Petition Date, unless and until approved by the Court.

10. Notwithstanding the foregoing, Debtor wishes to continue to use its Maintained Pre-Petition Accounts in order to minimize disruption to its ongoing post-petition operations. Debtor believes that its transition into Chapter 11 will be much more orderly and efficient if the Maintained Pre-Petition Accounts are continued post-petition with the same account number and without interruption. Accordingly, Debtor respectfully requests the Court authorize Debtor to maintain its existing Maintained Pre-Petition Accounts.

11. Debtor receives funds from Medicare, Medicaid, and commercial insurance. These funds are directly remitted into Debtor's Maintained Pre-Petition Accounts. A transition to new accounts would not only be cumbersome but could cause a protracted interruption in Debtor's ability to receive payments thereby crippling Debtor's ability to render services and continue its ongoing operations.

12. Continued use of the Maintained Pre-Petition Accounts would not impose any hardship on the creditors or other interested parties and will avoid the unnecessary expense and

delay of closing the existing Maintained Pre-Petition Accounts and the opening of new accounts.

13.     In addition, Debtor further believes that the funds deposited in the Maintained Pre-Petition Accounts will remain secure as the funds in said accounts are insured by the Federal Deposit Insurance Corporation.

14.     Along with the relief sought herein above, Debtor also seeks authority to use existing checks, subject to adding a "Debtor in Possession" notation on same to minimize disruption to ordinary course of business payment procedures. The implementation of these procedures will include discussions and input from the Office of the United States Trustee, and reconciled as part of the monthly reporting process for Debtor.

15.     No previous request for the relief requested herein has been made to the Court.

WHEREFORE, Debtor respectfully requests that the Court enter an Order authorizing Debtor to Maintain its Maintained Pre-Petition Accounts and granting any and all other relief to which Debtor may appear entitled under the circumstances.

A proposed Order is tendered herewith.

Respectfully submitted,

*/s/ Charity B. Neukomm*_____
CHARITY B. NEUKOMM
JAMES E. McGHEE III
KAPLAN & PARTNERS LLP
710 West Main Street
Fourth Floor
Louisville KY 40202
Telephone: 502-540-8285
Facsimile: 502-540-8282
E-mail: cneukomm@kplouisville.com
E-mail: jmcghee@kplouisville.com
*Proposed Counsel for Debtors*

## CERTIFICATE OF SERVICE

It is hereby certified that on August 29, 2017, true and correct copies of the foregoing Motion for an Order Authorizing Debtor to Maintain its Pre-Petition Bank Account and tendered Order were (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) except for parties receiving notice through ECF, mailed, emailed, or faxed to (1) all secured creditors who are not represented by counsel; (2) all counsel of record for parties in interest; (3) the U.S. Trustee; (4) the Debtor's 20 Largest Unsecured Creditors as designated in the Debtor's Petition; (5) all governmental units having claims; and (6) all persons who filed a request to receive such notices.

*/s/ Charity B. Neukomm*
Charity B. Neukomm

K:\Client Files\MD2U PLLC\Chapter 11\Pleadings\Motion to Maintain Bank Account.docx