**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

IN RE:

MD2U MANAGEMENT, LLC, et. al.

    DEBTORS

Case No. 17-32761

Chapter 11

**OBJECTION TO MOTION TO SELL FREE AND CLEAR**

Creditor, Commonwealth of Kentucky, Cabinet for Health and Family Services, Department for Medicaid Services ("DMS"), by counsel, states as follows for its Objection to the Debtors' Motion to Sell Assets Free and Clear.

DMS does not object to the sale itself. However, DMS objects to the terms of the sale insofar as the terms of the APA do not appear to require the purchaser to honor the Settlement Agreement and Release entered into between the Debtor and the Commonwealth of Kentucky. A copy of this Settlement Agreement and Release is attached as Exhibit "A".

On July 14, 2016, Debtors, MD2U Management, LLC, MD2U Kentucky, LLC, MD2U Indiana, LLC and MD2U North Carolina, LLC, entered into a Settlement Agreement and Release with the Commonwealth of Kentucky.  The Settlement Agreement and Release was negotiated on behalf of the Commonwealth by the Medicaid Fraud and Abuse Control Division of the Office of the Attorney General.   The Settlement Agreement and Release was based on the Commonwealth's allegations that, "the Defendants knowingly caused false and/or fraudulent claims to be submitted to the Kentucky Medicaid Program…"

The Settlement Agreement and Release required the Debtors to pay to the Commonwealth $208,552.85 with $110,836.89 being allocated to DMS and $97,715.96 being allocated to the Kentucky Managed Care Organizations. The Debtors have made one timely payment of $20,000.00 and one late payment of $30,000.00. Presently, the Debtors owe $84,905.05 of the DMS portion and $73,647.80 of the Managed Care Organizations portion. For reasons unclear, it does not appear that this obligation under the Settlement Agreement and Release was included on the Debtors' schedules.

In a similar Chapter 11 case involving a motion to sell free and clear, the order approving the sale included a provision that the buyer would be substituted for the seller in a consent decree with the United States. See *In re Ormet Corp.*, 2014 WL 3714166 (Bkrtcy.D.Del. 2014) at Paragraphs 38 and 39 (copy attached as Exhibit "A"). This arguably lends support to the theory that a consent decree and/or settlement agreement with a governmental unit must be addressed in a motion to sell free and clear.

Normally, DMS would have the option to refuse to give the new purchaser its own Medicaid provider agreement unless the purchaser agreed to honor the outstanding Medicaid labilities of the prior owner. The Kentucky Administrative Regulations give DMS discretion in granting provider agreements. 907 KAR 1:672 § 2 (1)(b) states that, "The department [DMS] shall reserve the right to contract or not contract with any potential provider."

However, the proposed order attached to the Debtors' motion can arguably be read to prohibit DMS from imposing this requirement on the proposed purchaser. This would limit DMS' regulatory discretion. As such, DMS respectfully objects to the Debtors' Motion to the extent that this motion would prohibit DMS from requiring a new purchaser to honor the terms of the Settlement Agreement and Release. In the alternative, DMS objects to the motion to the extent

that it does not provide that the sale proceeds satisfy the full amount outstanding on the Settlement Agreement and Release.

    Respectfully submitted,

    COMMONWEALTH OF KENTUCKY
    CABINET FOR HEALTH AND
      FAMILY SERVICES

    */s/ Matthew H. Kleinert*
    MATTHEW H. KLEINERT
      Assistant Counsel
      Office of Legal Services
      275 East Main Street, 5W-B
      Frankfort, Kentucky 40621
      Telephone: (502) 564-7905
      Facsimile: (502) 564-7573

**CERTIFICATE OF SERVICE**

This will certify that on this the 30th day of October 2017, the foregoing document was served on the parties entitled to receive electronic notice of this pleading.

    */s/ Matthew H. Kleinert*