UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MD2U MANAGEMENT, LLC, et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors | ) | CASE NO. 17-32761 |
| | ) | (JOINTLY ADMINISTERED)[1] |
| | ) | |

**ORDER (A) APPROVING BIDDING PROCEDURES
IN CONNECTION WITH ASSET SALE;
(B) APPROVING FORM AND MANNER
OF NOTICE OF AUCTION AND SALE HEARING;
AND (C) SETTING FINAL HEARING ON ASSET SALE**

This matter having come before the Court on the motion (the "Sale Motion")[2] filed by the Debtor for, *inter alia*, entry of an order (the "Procedures Order"): (a) approving the form and manner of notice of the Auction and the Sale Hearing; and (b) approving the Bidding Procedures; and it appearing notice of the Sale Motion was good and sufficient under the particular circumstances, and that no other or further notice need be given; and the Court having considered the arguments of counsel at the Bidding Procedures Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of Debtor, their estates, their creditors, and other parties in interest; and upon the record of the Bidding Procedures Hearing; and after due deliberation thereon; and good cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue

---

[1] MD2U Management, LLC, Case No. 17-32761, MD2U Kentucky, LLC, Case No. 17-32762, MD2U Indiana, LLC, Case No. 17-32763, and MD2U North Carolina, LLC, Case No. 17-32764 are administered under MD2U Management, LLC, Case No. 17-32761.

[2] Any undefined terms herein shall use the definition in the Sale Motion.

4816-8123-2721.5

    of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.   The statutory predicates for the relief sought in the Sale Motion are sections 105, 363, 365, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014.

C.   Debtor has articulated good and sufficient reasons for approving: (i) the form and manner of notice of the Sale Motion, the Auction, and Sale Hearing and the assumption and assignment of the Assumed Contracts; and (ii) the Bidding Procedures.

D.   The Bidding Procedures are reasonable and appropriate, and represent the best methods for maximizing the return for the Purchased Assets.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.     The Sale Hearing shall be held on **December 4, 2017, at 10:00 a.m. (Eastern time) at 601 West Broadway, Fifth Floor, Courtroom #1, Louisville, Kentucky 40202**, at which time the Court shall consider the Sale Motion and confirm the results of the Auction (if applicable). Objections to the Sale Motion shall be filed and served no later than one (1) Business Day prior to the Sale Hearing (the "Objection Deadline"); *provided, however* that a party in interest may raise an oral objection at the Sale Hearing in the event the Auction concludes on the day of the Objection Deadline and such party in interest has disclosed the substance of such objection to Debtor and the Successful Bidder.

    2.     The failure of any objecting person or entity to file its objection to the Sale Motion, the Asset Sale, or Debtor's consummation and performance of the Asset Sale on or before the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of

any objection to the Sale Motion, the Asset Sale, or Debtor's consummation and performance of the Asset Sale, if authorized by the Court.

3. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

### NOTICE

4. Notice of: (a) the Sale Motion; (b) the Auction and Sale Hearing; and (c) the proposed assumption and assignment of the Assumed Contracts to the Successful Bidder, shall be good and sufficient, and no other or further notice shall be required, if given as follows:

   a. <u>Notice of Sale Hearing</u>. As soon as practicable after the Court's approval of the Bidding Procedures, Debtor (or its agents) shall serve the Sale Motion and all exhibits thereto, including this Procedures Order, on (i) all secured creditors, all governmental units that are creditors, the top 20 largest unsecured creditors, all creditors having requested notice; and (ii) all entities known to have expressed a bona fide interest in a transaction with respect to the Purchased Assets during the past four months.

   b. <u>Assumption Notice</u>. No later than November 28, 2017, Debtor shall serve on all non-Debtor parties to the Assumed Contracts, by electronic mail or first class mail, postage prepaid, the Assignment Notice. Any objection to the assumption and assignment of the Assumed Contract, the Cure Amount, or both must be filed and served so as to be received by counsel to Debtor, counsel to the Successful Bidder, and the United States Trustee on or before the Business Day before the Sale Hearing. The objection must state with specificity what Cure Amount is

required (with appropriate documentation in support thereof). If no objection is timely received, the Assumed Contract shall be deemed assumed and assigned to the Successful Bidder on the closing date of the Asset Sale, and the Cure Amount set forth in Assignment Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the non-Debtor party to the Assumed Contract shall be forever barred from asserting any other claims against Debtor, the Successful Bidder, or the property of either of them, as to the Cure Amount with respect to such Assumed Contract.

## BIDDING PROTECTIONS

5.  The APA is fully incorporated herein and approved in all respects, and, for all purposes, the transaction contemplated thereby shall be a Qualified Bid. NHI is approved as the stalking horse bidder, and, for all purposes, NHI shall be a Qualified Bidder. The Bidding Protections are authorized and approved in all respects. NHI shall be entitled to a Break-Up Fee of $100,000 and the Expense Reimbursement as described in the Sale Motion, each payable to NHI in certain circumstances, including, without limitation, in the event the Court authorizes the sale of the Purchased Assets (or any of them) to an entity other than NHI. NHI shall make the detail of the Expense Reimbursement available to parties-in-interest, including the Debtor, the U.S. Trustee, and interested creditors. The Court reserves the right to rule on the reasonableness of the final amount of the Expense Reimbursement.

6.  The Break-Up Fee, as described in the Motion, shall be entitled to superpriority administrative claim treatment. Payment of the Break-Up Fee and Expense Reimbursement shall be subject to the conditions set forth in the Sale Motion and the APA.

## BIDDING PROCEDURES

7. The Bidding Procedures, as more fully described in the Sale Motion, are fully incorporated herein and approved and shall govern all proceedings relating to the Asset Sale and any subsequent bids for the Purchased Assets in these cases.

8. Only a Qualified Bidder may submit bids for the Purchased Assets or otherwise participate in the Auction. As set forth in the Sale Motion, a Qualified Bidder is a person who (i) has delivered to Debtor an executed confidentiality agreement in form and substance substantially the same as the one executed by NHI and Debtor, (ii) has delivered to Debtor a Qualified Bid (as defined below) (including an indication of the assets sought to be acquired and a purchase price) that Debtor's board of directors determines, in good faith, would result in a transaction more favorable to Debtor's estates than the Asset Sale to NHI, and (iii) is reasonably likely (based on availability of financing, experience, and other considerations) to be able to consummate a transaction based on the Qualified Bid if it is selected as the Successful Bidder (as defined below).

9. Any Qualified Bidder who desires to make a competing offer for all of the Purchased Assets must submit a written copy of its bid to the undersigned counsel, who shall then distribute copies of the bid(s) to counsel for NHI. As set forth in the Sale Motion, a Qualified Bid is a competing proposal (a) the value of which must be greater than $4,300,000; (b) that has substantially the same terms and conditions as the APA and proposes to purchase the Purchased Assets; (c) is accompanied by satisfactory evidence of committed financing or other ability to perform, and (d) that is received by the undersigned counsel by November 27, 2017 (the "<u>Bid Deadline</u>"). For all purposes, the transaction contemplated by the APA is a Qualified Bid and NHI is a Qualified Bidder.

10. If Debtor receives a Qualified Bid by the Bid Deadline in addition to the APA, Debtor will conduct the Auction at the offices of Kaplan & Partners LLP, 710 W. Main Street, 4th Floor, Louisville, Kentucky 40202, on November 28, 2017 (the "Auction Date"). Bidding at the Auction will commence with the highest Qualified Bid and continue in increments of not less than $50,000 until each Qualified Bidder makes its final offer. At the conclusion of the Auction, Debtor will announce its determination as to the Successful Bidder submitting the Successful Bid.

11. If Debtor does not timely receive any Qualified Bids other than the APA, Debtor will report same to the Court at the Sale Hearing and proceed with the Asset Sale with NHI under the APA. If, however, Debtor receives one or more Qualified Bids in addition to the APA, and the Auction is conducted, Debtor will notify the Court of the results of the Auction and proceed with the sale of the Purchased Assets with the Successful Bidder.

12. Debtor will be deemed to have accepted the Successful Bidder only when the Court has approved such Successful Bid at the Sale Hearing. Upon failure to consummate the Asset Sale because of a breach or failure on the part of the Successful Bidder, Debtor may select, in its business judgment, the next highest and best Qualified Bid to be the Successful Bid without further order of the Court. By making a Qualified Bid, a Qualified Bidder shall be deemed to have agreed to keep its highest and best offer open until the Successful Bid is approved by this Court at the Sale Hearing.

13. Debtor may: (a) determine, in its business judgment, which Qualified Bid is the highest and best offer; and (b) reject at any time before entry of an order of the Court approving a Qualified Bid, any bid other than the APA that, in Debtor's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding

Procedures, or the terms and conditions of the APA, or (iii) contrary to the best interests of Debtor, its estate, and/or its creditors.

## ASSUMPTION AND ASSIGNMENT PROCEDURES

14. With respect to the Assumed Contracts, Debtor will file with the Court and serve on each party to an Assumed Contract the Assignment Notice. Debtor will mail the Assignment Notice no later than November 28, 2017. The Assignment Notice will set forth the Cure Amount and provide the contracting parties with an opportunity to object to (i) the assumption and assignment, (ii) the Cure Amount, or (iii) both. If an objection is not filed with the Court on or before the Business Day before the Sale Hearing, the Cure Amount set forth in the Assignment Notice will be controlling notwithstanding anything to the contrary in any Assumed Contract or other document, and the non-Debtor party to the Assumed Contract will be forever barred from asserting any other claim arising prior to the assignment against Debtor or NHI or the Successful Bidder as to such Assumed Contract. If an objection to the assumption and assignment is made, such objection will be heard at the Sale Hearing. If an objection by the non-Debtor contracting party is made only with respect to the Cure Amount, a hearing to fix the Cure Amount will be set contemporaneously with the Sale Hearing; *provided*, *however*, that Debtor reserves its right to reject any executory contract until such time as the Cure Amount is fixed and accepted and NHI reserves the right to designate any Assumed Contract as an Excluded Contract until the closing of the Asset Sale.

15. The effective date of any assumption and assignment of any Assumed Contract shall be the date on which the Asset Sale closes. Accordingly, any Cure Amounts to be paid under any Assumed Contract will also be paid upon the closing of the Asset Sale from the

proceeds of the Purchase Price if NHI is the Successful Bidder and as otherwise agreed by Debtor if another Qualified Bidder is the Successful Bidder.

16. For the avoidance of doubt, capital leases shall not be treated as executory contracts or unexpired leases, as those terms are used under section 365 of the Bankruptcy Code, and such capital leases will, therefore, not be included as Assumed Contracts or Excluded Contracts. Assets that are subject to capital leases shall be sold as Purchased Assets, free and clear of, among other things, all Claims related to such capital leases.

SO ORDERED.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 6, 2017

CHARITY B. NEUKOMM
JAMES E. McGHEE III
KAPLAN & PARTNERS LLP
710 West Main Street
Fourth Floor
Louisville KY 40202
Telephone: 502-540-8285
Facsimile: 502-540-8282

4816-8123-2721.5